UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY DESIR,

                                  Plaintiff,

                                                                        9:09-CV-0964
v.                                                                    (DNH/GHL)

DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
BRIAN FISCHER, LEO BISCEGLIA
DEMMONS, FRECHETTE, LAW,
BUCK, CAPT. WOODRUFF,

                                  Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

JEFFREY DESIR
Plaintiff *pro se*
1601 Beverly Road, Apt. 1-G
Brooklyn, NY 11226

HON. ERIC T. SCHNEIDERMAN                        MEGAN M. BROWN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend two scheduled

depositions. (Dkt. No. 36.) Plaintiff has opposed the motion. (Dkt. No. 39.) For the reasons that follow, it is recommended that Defendants' motion be granted.

**I.     BACKGROUND**

In this action, Plaintiff Jeffrey Desir claims that Defendants subjected him to excessive force in retaliation for a grievance he filed against an officer. (Dkt. No. 19.) These events occurred at Adirondack Correctional Facility. *Id.*

On or about March 26, 2010, Plaintiff was released from prison and began living in Brooklyn, New York. (Dkt. No. 21.)

On May 18, 2010, the Court issued a Mandatory Pretrial Discovery and Scheduling Order in this case. (Dkt. No. 24.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 3. The order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.* at 3-4.

On August 6, 2010, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 25.) Thus, pursuant to the scheduling order, the earliest date that Defendants could select for Plaintiff's deposition was August 21, 2010.

On August 6, 2010, defense counsel sent Plaintiff a letter. (Dkt. No. 36-2.) The letter stated that "[w]e will be scheduling your deposition in the near future, here in the Attorney General's Office in Albany. Please contact my office to discuss possible dates to conduct your

2

deposition.  If I do not hear from you by August 16, 2010 I will schedule the deposition without any input from you." *Id*.

Defense counsel declares that she spoke to Plaintiff on the telephone on August 16, 2010. (Dkt. No. 36-1 ¶ 9.)  Plaintiff told defense counsel that he could not pay to travel to Albany for a deposition.  *Id*.  Defense counsel confirmed Plaintiff's mailing address and told him that she would be sending him a deposition notice.  *Id*.  Defense counsel informed Plaintiff that if he did not intend to appear at the deposition he should seek court intervention after he received the deposition notice.  *Id*.

On August 19, 2010, Defendants served a deposition notice on Plaintiff at his address of record, which he had confirmed in his conversation with defense counsel.  (Dkt. No. 36-1 ¶ 10; Dkt. No. 36-3.)  The deposition was scheduled for September 10, 2010, at 11:00 a.m.  (Dkt. No. 36-3 at 1.)

Plaintiff did not appear at the scheduled deposition.  (Dkt. No. 26.)  The court reporter charged defense counsel $85.00.  (Dkt. No. 36-5.)  Defense counsel wrote to the Court to request a conference.  (Dkt. No. 26 at 2.)  The Court issued a text order directing Plaintiff to respond to Defendants' letter.  (Text Order: Sept. 10, 2010.)

On October 8, 2010, the case was stayed and referred to the Pro Se Prisoner Settlement Program.  (Dkt. No. 27.)  No mediation was conducted and the stay was lifted on December 22, 2010.  (Dkt. No. 29.)

On January 24, 2011, the undersigned conducted a telephone conference regarding Plaintiff's failure to appear for his deposition.  The Court's minutes indicate that Plaintiff informed the Court that he did not have the finances available to travel to Albany for his

3

deposition and that defense counsel "oppose[d] taking Plaintiff's deposition by video-conference." Plaintiff and defense counsel agreed that Plaintiff's deposition would be conducted in Albany on March 16, 2011, at 10:00 a.m. Defense counsel agreed to provide Plaintiff's parole officer with a copy of the deposition notice. The Court directed Plaintiff to notify defense counsel by March 14, 2011, if he was unable to attend. Defense counsel declares that the Court set that deadline because "defense counsel would not be in her office on Tuesday, March 15, 2011." (Dkt. No. 36-1 ¶ 19.) Defense counsel declares that she "asked Magistrate Lowe to inform the plaintiff of what the repercussions of his failure to appear would include. Judge Lowe specifically informed the plaintiff that unless he had an extremely good reason for not appearing at the deposition, his case could be dismissed if he did not attend the deposition scheduled for March 16, 2011." *Id*. ¶ 20.

On January 24, 2011, defense counsel wrote to Portia Durant, Plaintiff's parole officer. (Dkt. No. 36-7 at 1.) The letter stated:

> Enclosed please find a deposition notice . . . It is my understanding that you supervise parolee Mr. Jeffrey Desir . . . who was released from Great Meadow Correctional Facility on March 26, 2010. In this lawsuit in Federal Court, the Judge has ordered that Mr. Desir appear in Albany, New York on March 16, 2011 at 10:00 a.m. The Judge has asked that I contact you to obtain your permission for Mr. Desir to travel to Albany to participate in his deposition. The Judge has also asked for your consideration and leniency in the event that Mr. Desir is not able to return home within his curfew time on that date. If you have questions . . . please do not hesitate to contact me . . . or Mr. Desir.

*Id*. On January 24, 2011, defense counsel also wrote to Plaintiff. (Dkt. No. 36-6.) The letter stated:

> Enclosed is a copy of your deposition notice. As you know from the

4

>
> conference with Judge Lowe the deposition is set for March 16, 2011 at 10:00 a.m. in Albany at the Justice Building, 4th Floor. The Justice Building is on State Street across from the Capitol. I have also enclosed a copy of the letter I sent to your parole officer. Please contact Ms. Durant to make sure she received the letter and will give you permission to travel for the deposition. If for some reason you cannot attend the deposition, I would appreciate it if you would contact my office by March 14, 2011 at 5:00 p.m.

*Id*.

The deposition notice stated that the deposition would take place on March 16, 2011, at 10:00 a.m. "at 4th Floor Conference room Justice Building Albany, New York." (Dkt. No. 36-8 at 1.)

Defense counsel declares that she did not receive any phone calls from Plaintiff before 5:00 p.m. on March 14, 2011. (Dkt. No. 36-1 ¶ 23.)

At 1:53 p.m. on Tuesday, March 15, 2011, Plaintiff left a message on defense counsel's voice mail asking where the deposition was going to be held. (Dkt. No. 36-1 ¶ 26.) Plaintiff called again at 4:37 p.m. asking for directions. *Id*. In a voice mail message, Plaintiff stated that "the letter just say Albany, so there's no specifics so I refuse to jump out the window and come out there for no reason." (Dkt. No. 36-1 ¶ 33.) Defense counsel declares that Plaintiff "did not press '0' as my voice mail indicates if the caller needs immediate assistance. However, by Wednesday, March 16, 2011, plaintiff followed that prompt numerous times and reached various members of the Litigation Bureau staff." (Dkt. No. 36-1 ¶ 27.)

At about 9:00 a.m. on March 16, 2011, Plaintiff spoke to a member of the Attorney General's office, who asked Plaintiff if he was on his way to the deposition. *Id*. ¶ 28. Plaintiff did not respond. *Id*.

5

Defense counsel declares that she spoke to Plaintiff "a number of times" between 8:50 a.m. and 10:45 a.m. on March 16, 2011. In the 10:45 a.m. call, Plaintiff indicated that he was still in New York City. *Id*. ¶ 29. Defense counsel declares that "Plaintiff did not offer to travel to Albany at any time on March 16, 2011." *Id*. ¶ 30. Defense counsel declares that "Plaintiff argued that he did not know where the deposition was to be conducted and I informed him that the location was clearly stated in the cover letter provided to him. I asked him if he had received permission from his parole officer to travel and he hung up on me." *Id*. ¶ 31.

Plaintiff did not appear for his deposition. The court reporter charged defense counsel $85.00. (Dkt. No. 36-10.)

On March 16, 2011, defense counsel informed the Court in writing that Plaintiff had failed to appear at his deposition. (Dkt. No. 34.)

On March 18, 2011, Plaintiff wrote to the Court. (Dkt. No. 35.) Plaintiff stated that he had failed to appear at his first deposition because "I don't recall nor do I remember[] being aware of such appointment." *Id*. at 1. Regarding his second deposition, Plaintiff stated that:

> Defendants failed to send me a copy of notice for the hearing [scheduled] on March 16, 2011, instead the defendant sent a copy to my parole officer only beside the fact that I did not receive a notice nor a reminder for such hearing I was not granted a pass to leave my city by my parole officers therefore I couldn't make it to the meeting on [scheduled] date which is beyond my control [and] to add I didn't have the directions to go to Albany [and] I couldn't get in contact with anybody to give to my parole officer so she can grant my request but when I did finally get in touch with defendants['] lawyer . . . I was willing to come to Albany after the fact I was gonna be at least 2 [hours] late in which I would of reach[ed] Albany by noon or 1:00 p.m. she insisted that I won't make it [and] she is gonna file motion to dismiss as well as for me to pay at least a thousand dollars of fees instead of compr[o]mising the situation so indeed I said to do what you got to do.

(Dkt. No. 35 at 1-2.)  Plaintiff asked for his deposition to be rescheduled and requested that it be held via video conference because he "suffer[s] from a lack of comprehension as far as comprehending the road signs if I make it to Albany on my own by vehicle further more I [am] not currently working nor do [I] have or expecting any funds on a regular basis therefore [I] can not afford a bus ticket to Albany."  *Id*. at 2-3.

On May 13, 2011, Defendant filed the pending motion to dismiss.  (Dkt. No. 36.)  Plaintiff opposed the motion.  (Dkt. No. 39.)

On November 8, 2011, I issued an order deferring a decision on the motion.  (Dkt. No. 40.)  In that order, Plaintiff was directed to reimburse Defendants $170.00 for the expenses they incurred as a result of Plaintiff's failure to appear at his scheduled depositions.  *Id*.  The order stated that if Plaintiff complied, I would recommend denying the motion to dismiss and recommend that Plaintiff's deposition be conducted by video conference.  *Id*.  The order warned Plaintiff that if he did not comply, I would recommend that the motion to dismiss be granted.  *Id*.

Defendants report that Plaintiff did not comply with the November 8, 2011, order.  (Dkt. No. 41.)  Plaintiff has not communicated with the Court in any way since the November 8, 2011, order.  I will therefore address the merits of Defendants' motion to dismiss.

## II.   ANALYSIS

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his two properly noticed depositions.  (Dkt. No. 36.)

Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . .

7

> the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

A court must consider several factors when considering a motion to dismiss for failure to comply with discovery. *Southern New England Telephone Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

"Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order

presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted). Here, the Court conducted a telephone conference devoted to ensuring that Plaintiff understood his obligation to attend his deposition and that the deposition was scheduled for the date and time most convenient to Plaintiff. Plaintiff was directed to notify defense counsel by March 14, 2011, if he was not able to attend the deposition. After that conference, defense counsel sent Plaintiff a formal deposition notice and, additionally, sent a letter containing the date and time of the deposition to Plaintiff's parole officer. These orders could not have been clearer. Plaintiff purports not to have understood where he was supposed to be. However, given Plaintiff's persistent refusal to comply with deposition orders, this seems unlikely. Therefore, I find that Plaintiff's failure to appear at his March 16, 2011, deposition was willful.

     Nearly ten months elapsed between the time that the Court issued the scheduling order on May 18, 2010, and Plaintiff's failure to appear at his deposition on March 16, 2011. Since then, nearly ten more months have passed. The duration of Plaintiff's failure to appear for his deposition weighs in favor of dismissal. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal where six months elapsed between scheduling order and the plaintiff's third scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery

9

or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal).

Plaintiff was warned during the January 24, 2011, telephone conference that his case could be dismissed if he did not attend his deposition. Therefore, this factor weighs in favor of dismissal.

The Court has previously imposed lesser sanctions on Plaintiff by directing him to reimburse Defendants $170.00 for the expenses they incurred as a result of Plaintiff's failure to appear at his depositions. (Dkt. No. 40.) Plaintiff did not comply with that order or communicate with the Court in any way regarding the order. (Dkt. No. 41.) Plaintiff was warned that dismissal would be recommended if he did not comply with the order. (Dkt. No. 40.) Therefore, this factor weighs in favor of dismissal.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 36) be **GRANTED** and the action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: January 4, 2012
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge